## THE GASTON. THE JOHN W. DAVIDSON. THE ANNA.

(Circuit Court of Appeals, Fourth Circuit. April 19, 1918.)

### No. 1594.

COLLISION ⟨key⟩153—APPEAL—FINDING OF TRIAL COURT ON CONFLICTING EVIDENCE.

Where it was undisputed that claimant's steamship did not keep a proper lookout, and was exceeding the speed permitted by the harbor regulations, at the time of collision, and the evidence was conflicting as to fault of the tug towing libelant's barge, the trial judge's finding for libelant against claimant will be affirmed.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk; Edmund Waddill, Jr., Judge.

Libel for collision by Arthur Johnson, as master of the barge John W. Davidson and as bailee of the cargo, against James W. Edgar, master of the steamer Gaston, in which the Marshall Towing Company, Incorporated, as owner of the tug Anna, were impleaded. From a decree (244 Fed. 480) for libelant against the Gaston alone, the master thereof and the Baltimore Steam Packet Company, owner thereof, appeal. Affirmed.

Walter H. Taylor, of Norfolk, Va. (Loyall, Taylor & White, of Norfolk, Va., on the brief), for appellants.

Floyd Hughes, of Norfolk, Va. (Hughes & Vandeventer, of Norfolk, Va., on the brief), for appellee Johnson.

Henry H. Little, of Norfolk, Va. (Hughes, Little & Seawell, of Norfolk, Va., on the brief), for appellee Marshall Towing Co., Inc.

Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

ROSE, District Judge. At about half past 10 of the evening of January 17, 1917, the steamship Gaston came into collision with the barge John W. Davidson, the latter then in tow of the tug Anna. The master and owner of the Gaston appealed from the decree below, which held it solely in fault.

That it was to blame cannot be seriously questioned. It was not keeping a proper lookout. It did not see the towing lights on the Anna, which were lit and burning. The steamship was proceeding at a speed far greater than that permitted by the harbor regulations applicable to the portion of the harbor of Norfolk in which the collision occurred, and moreover it was the burdened vessel. It says that, even so, the tug Anna was in fault, because it changed its course and cut

---

across the bow of the Gaston at a time when it was impossible for the latter, by any exercise of prudence, to have avoided the collision. That such was the fact is denied. There was conflicting evidence on the question. The learned District Judge, who saw and heard the witnesses, found the contention was not sustained. We see no reason to reach a different conclusion.

Affirmed.